UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KOUMSSA WAKGIRA et al.,<br>Defendants. | CASE NO. 2:26-cr-00109-LK<br>ORDER CONTINUING TRIAL |

This matter comes before the Court on Defendant Juston Young's Unopposed Motion to Continue Trial and Extend Pretrial Motions Deadline. Dkt. No. 24. Co-defendant Koumssa Wakgira joins the motion and "incorporates that motion by reference as if fully set forth herein." Dkt. No. 36 at 1. The Government does not oppose the Defendants' request. Dkt. No. 24 at 1.

The Defendants are charged with conspiracy to commit burglaries involving controlled substances, in violation of 18 U.S.C. §§ 2118(b)(1)–(2), (d); 17 counts, collectively, of burglary and attempted burglary involving controlled substances, in violation of 18 U.S.C. §§ 2118(b)(1)–(2); and five counts of possession of controlled substances with intent to distribute, in violation of

21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. Dkt. No. 11. At Mr. Young's arraignment on June 11, 2026, he pleaded not guilty to all charges and was remanded to custody. Dkt. No. 18. The Court scheduled his trial for August 10, 2026, with pretrial motions due by July 2, 2026. *Id.* At Mr. Wakgira's arraignment on July 8, 2026, he likewise pleaded not guilty to all charges and was remanded to custody. Dkt. No. 33. The Court scheduled his trial for September 14, 2026, with pretrial motions due by July 29, 2026. *Id.*

The Defendants seek a continuance of the trial date to November 9, 2026, "with a pretrial motions deadline consistent with the new trial date." Dkt. No. 24 at 1. The Government provided discovery to Mr. Young on June 25, 2026, and had not yet produced an expected second batch of discovery at the time Mr. Young filed his motion to continue. *Id.* at 2. Defendants seek a continuance to provide defense counsel with adequate time to "review the discovery, investigate the allegations, address legal issues, research pretrial motions, obtain records, continue plea negotiations with the government, and explain potential plea, trial, or sentencing consequences." *Id.* at 2. Counsel also notes that Mr. Young is "charged with multiple counts in multiple jurisdictions." *Id.* Mr. Young has waived his right to a speedy trial through December 4, 2026, Dkt. No. 25, and Mr. Wakgira has waived his right to a speedy trial through December 9, 2026, Dkt. No. 35.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in any speedier trial. The Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice by denying Defendants' counsel the reasonable time necessary to effectively prepare for trial, to obtain and review discovery, to investigate the matter, to gather evidence material to the defense, and to pursue possible defenses, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The Court further finds that the additional time granted

herein is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks. For these reasons, the Court GRANTS the motion and ORDERS that trial in this matter shall be continued to November 9, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act. Pretrial motions are due by September 28, 2026. If expert testimony is anticipated, the parties must propose a date prior to trial (either at or before the pretrial conference) for a Daubert hearing.

Dated this 22nd day of July, 2026.

Lauren King
United States District Judge